UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DADE DIVISION
CASE NO.:

VIVIAN ALEMAN-DIAZ,

                  Plaintiff,

Against

AYINTOVE ASSOCIATES, LLC,
a Florida Limited Liability Company
and ANA BELMAS,
                  Defendants.
_____/

**COMPLAINT**
**FLSA COMPLAINT**

COMES NOW, the Plaintiff, VIVIAN ALEMAN-DIAZ, by and through her undersigned attorney, and hereby sues Defendants AYINTOVE ASSOCIATES, LLC and ANA BELMAS (hereinafter referred to as "the Defendants") and alleges as follows:

**JURISDICTIONAL ALLEGATIONS**

1. This is an action to recover money damages for unpaid overtime wages, under the laws of the United States, and the State of Florida. The Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (§ 216 for jurisdictional placement) ("the FLSA"), and F.S.A. Const. Art. 10 § 24, under 28 U.S.C. § 1343.

2. Plaintiff is a resident of Dade County, Florida, within the jurisdiction of this Honorable court, and he brings this matter on his own behalf as well as other employees for Defendants who are similarly situated to Plaintiff for unpaid compensation, an additional amount of unpaid wages as liquidated damages, prejudgment interest, equitable relief and reasonable attorneys' fees and costs.

1

3.      The corporate Defendant, AYINTOVE ASSOCIATES, LLC is a Florida Limited Liability Company, having its main place of business in Dade County, Florida, is an enterprise engaged in an industry affecting commerce, and is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207 in the offices where Plaintiff was employed.

4.      Defendant, ANA BELMAS is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), and was Plaintiff's supervisor while employed with Defendants.

## FACTS

5.      This action is brought by Plaintiff to recover from the Defendants unpaid overtime compensation, as well as an amount for liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C.§ 207.

6.      The Defendants, at all times pertinent to this Complaint, were engaged in interstate commerce.  At all times pertinent to this Complaint, the Defendants operated organizations which sell and/or make their services and/or goods to customers from throughout the United States, and the Defendants obtain and solicit funds from non-Florida sources, accept funds from non-Florida source, use telephonic transmissions going over state to do its business, transmit funds outside the State of Florida, and otherwise regularly engage in interstate commerce, particularly with respect to their employees.  Upon information and belief, the annual gross revenue of the Defendants was at all times material hereto in excess of $500,000.00 per annum, and otherwise satisfies the FLSA's requirements.

7. Upon information and belief, Defendants have leased and/or purchased equipment and supplies that have come from out-of-state suppliers and Plaintiff used or otherwise handled such machines and/or supplies as part of his daily job requirements and duties.

8. The Defendants have two or more employees who handle sell, transport, or otherwise work on goods or materials that have been moved in or produced for interstate commerce.

9. By reason of the forgoing, the Defendants are and were, during all times hereafter mentioned, an enterprise engaged in interstate commerce or in the production of goods for interstate commerce as defined in § 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s) and/or Plaintiffs and those similarly-situated are within interstate commerce.[1]

10. Plaintiff worked for Defendants since about April 1, 2010 through December 14, 2012 (the "Employment Period"), as a non-exempt nurse, with a regular rate of pay of $22.00 per hour and $25.00 per hour.

11. During the Employment Period, Plaintiff was not compensated at a rate of one and a half times her regular rate for all overtime hours worked.

12. On many of Plaintiff's pay stubs, Defendants incorrectly categorize Plaintiff's overtime hours as "Other Wages", "Sick", or "Holiday", in a direct effort to avoid compensating Plaintiff at her proper overtime rate.

## COUNT I

13. Plaintiff realleges and incorporates by reference all previous paragraphs.

14. At all times material hereto, the Defendants failed to comply with Title 29 U.S.C.§§ 201-219 AND 29 C.F.R. § 516.4 et seq. in that the Plaintiff was not compensated for

---

[1] *See, e.g. Galdames v. N & D Investment, Corp.*, 2008 WL 4372889 (S.D.Fla. 2008).

all hours worked, and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendants to properly pay the at the rate of the time and one-half for all hours worked in excess of forty (40) per work week as provided in the FLSA.

15. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by Fair Labor Standard Act and owe Plaintiff overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

16. Defendants willfully, regularly and repeatedly failed to pay overtime rates, and Plaintiff is entitled to recover damages for overtime hours worked, plus an additional amount in liquidated damages, and attorney's fees and costs incurred in bringing this action.[2]

17. Plaintiff has retained the law offices the undersign attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

WHEREFORE, Plaintiff requests compensatory and liquidated damages and reasonable attorneys' fees from Defendants, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Defendants to her during the entire period wherein Plaintiff was employed with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that Plaintiff does not recover liquidated damages, then Plaintiff seeks an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

---

[2] Plaintiff has some, but not all, of her paystubs for the Employment Period and can identify at least 202 hours for which she was compensated at her regular rate of $22.00, but which were in fact overtime hours and for which she is entitled to half-time, more specifically, $2,222.00. Further discovery will likely reveal more than 202 incorrectly categorized overtime hours.

4

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

**Respectfully submitted,**

**SCHWARTZ ROLLER LLP**
By: /s/ K. Brian Roller
K. BRIAN ROLLER
Florida Bar No. 0018696
3876 Sheridan Street
Hollywood, Florida 33021
kbroller@szalaw.com
pleadings@szalaw.com
Telephone :( 954) 966-2483
Facsimile :( 954) 966-2566