UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-CV-22319-CMA

VIVIAN ALEMAN-DIAZ,

    Plaintiff,

v.

AYINTOVE ASSOCIATES, LLC,
a Florida limited liability company
and ANA BELMAS,

    Defendants.
_____/

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

Plaintiff, VIVIAN ALEMAN-DIAZ, (hereinafter "RELEASING PARTY") and Defendants, AYINTOVE ASSOCIATES, LLC and ANA BELMAS, any other officers, directors, members, supervisors, managers, employees, agents, insurers, attorneys and representatives, in their individual and official capacities, and their heirs and legal representatives, all hereinafter referred to as "RELEASED PARTIES" collectively referred to as "the Parties," hereby agree upon this Settlement Agreement and General Release (hereinafter "Agreement") of all issues involved in the above-styled case as follows:

    1.    The Parties hereto recognize that RELEASED PARTIES do not admit, but rather, specifically denies any liability to RELEASING PARTY, or to anyone else as a result of or growing out of matters set forth in the pleadings of the Plaintiff in <u>Aleman-Diaz v. Ayintove Associates, LLC, and Ana Belmas</u>, Case No. 13-CV-22319-CMA. RELEASING PARTY acknowledges this Agreement is in compromise of disputes between the Parties and it shall not be considered by the Parties or any third party as an admission of the truth or correctness of any

*VAD*
Aleman-Diaz's initials

of RELEASING PARTY's claims.

2. RELEASING PARTY represents and warrants that she does not know of any other person who expressed a desire or intent to opt-into, or join, this action or file a similar claim against Defendant or any related entity, who has not already filed such a claim.

3. RELEASED PARTIES agree to pay and RELEASING PARTY and her attorneys agree to accept, the sum of SEVEN THOUSAND FIVE HUNDRED DOLLARS AND 00/00 ($7,500.00) to be paid as set forth below, and other good and valuable consideration as described below. In consideration thereof, RELEASING PARTY hereby remises, acquits, releases, satisfies and discharges, on her own behalf, and on behalf of anyone who could claim by and through her including her attorneys, RELEASED PARTIES, their predecessors and successors in interest, assignees, parents, subsidiaries, parent corporations, affiliates, divisions and related companies and entities, including but not limited to, of and from, any and all claims and demands, past, present or future, known or unknown, and all manner of action and actions, causes of action, suits, administrative proceedings, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, torts, trespasses, damages, judgments, executions, warranties, claims and demands whatsoever, in law or in equity, which RELEASING PARTY, her heirs, executors, administrators, agents, distributees, beneficiaries, successors in interest and assignees ever had or now have or in the future may have by reason of any matter, cause or thing whatsoever from the beginning of the world to the execution of this Agreement, including, but not limited to, any and all claims which were actually asserted, or might have been asserted or could have been asserted by RELEASING PARTY in Case No. 13-CV-22319-CMA. The Release by RELEASING PARTY of REASED PARTIES includes, but is not limited to:

Page 2 of 17

Aleman-Diaz's Initials

01-03-'14 15:54 TO- 19549662566          FROM- Coral Gables           P0004/0018 T-799 F-766

a. Any and all claims for damages, salary, wages, compensation, bonuses, minimum wages under the FLSA and Florida's Minimum Wage Act, overtime compensation under the FLSA and Florida's Minimum Wage Act, monetary relief, employment, benefits, including but not limited to any claims for benefits under an employee benefit plan or any retirement plan, profit-sharing, capital stock, bonuses, merit and longevity increases, and all other benefits of all kind, earnings, back-pay, front pay, liquidated and other damages, compensatory damages, punitive damages, damage to character, damage to reputation, emotional distress, mental anguish, depression, injury, impairment in locating employment, financial loss, home foreclosure, pain and suffering, being made whole, injunctive and declaratory relief, interest, attorneys fees, and costs arising from RELEASING PARTY's employment with RELEASED PARTIES.

b. Any and all claims growing out of, resulting from, related to, or connected in any way to RELEASING PARTY's employment, and the termination/separation thereof, with RELEASED PARTIES, including but not limited to any and all claims for retaliation under the FLSA and Florida's Minimum Wage Act, other retaliation claims, discrimination, harassment of any kind, unequal pay, whistle-blowing, breach of contract, rescission, promises, claims under the Employee Retirement Income Security Act of 1974, as amended, torts of all kind, including but not limited to misrepresentation, negligent or otherwise, fraud, defamation, libel, battery, assault, slander, intentional infliction of emotional distress, workers' compensation retaliation, interference with an advantageous business relationship, negligent hiring, negligent retention, discrimination, claims or rights under state and federal whistle-blower legislation, the Consolidated Omnibus Budget Reconciliation Act, the Family and Medical Leave Act, the Americans

Aleman-Diaz's Initials

01-03-'14 15:54 TO- 19549662566         FROM- Coral Gables         P0005/0018 T-799 F-766

with Disabilities Act, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Equal Pay Act, Title VII of the Civil Rights Act of 1964, as amended, the Florida Civil Rights Act of 1992, Chapter 760, Fla. Stats., and the Fair Labor Standards Act, as amended, Section 448.08, Florida Statutes, and any other claim of any kind.

c.  A waiver by RELEASING PARTY of any rights of action and any monetary relief available in any administrative proceedings to which RELEASING PARTY might otherwise have available in the state and federal courts arising from RELEASING PARTY's employment with Defendant including all common law claims and claims under federal and state constitutions, statutes and regulations and federal executive orders and county and municipal ordinances and regulations.

d.  This release includes any claims under the Age Discrimination in Employment Act of 1967 (ADEA) and the Older Workers Benefit Protection Act (OWBPA). RELEASING PARTY acknowledges and agrees that this waiver of any right or claim under the ADEA and OWBPA is knowing and voluntary, and specifically agrees as follows: (a) that this Agreement and this waiver is written in a manner which she understands; (b) that this Waiver specifically relates to rights or claims under the ADEA and OWBPA; (c) that RELEASING PARTY does not waive any rights or claims under the ADEA and OWBPA that may arise after the date of execution of this Agreement; (d) that RELEASING PARTY waives rights or claims under ADEA and OWBPA; in exchange for consideration in addition to anything of value to which she is already entitled; and (e) that RELEASING PARTY is hereby advised in writing to consult with an attorney prior to executing this Agreement.

Page 4 of 17           _VAD_
                    Aleman-Diaz's Initials

4. RELEASED PARTIES do hereby release, remise, and forever acquit, RELEASING PARTY from any and all claims, demands, actions, or causes of action of any kind whatsoever, known or unknown, foreseen or unforeseen, foreseeable or unforeseeable, and any consequences thereof, from the beginning of time until the date of the execution of this Settlement Agreement, in connection with RELEASING PARTY's employment and termination from AYINTOVE ASSOCIATES, LLC.

5. As part of this Agreement and a result of the payments made to RELEASING PARTY by RELEASED PARTIES, RELEASING PARTY agrees that RELEASING PARTY has now been paid for all hours worked, minimum wages, and overtime compensation while employed by RELEASED PARTIES and agrees that RELEASED PARTIES do not owe RELEASING PARTY any other monies with regard to compensation associated for hours worked.

6. RELEASING PARTY agrees not to directly or indirectly, reveal, disclose, or cause to be revealed, the fact of and terms of this Agreement, including the amount of this settlement to anyone except his attorneys or accountants. This prohibition from disclosure includes the press and media. However, this prohibition does not preclude any disclosure compelled by force of law. RELEASING PARTY agrees that if she finds it necessary to disclose the existence or terms of this Agreement to his accountant or attorney she will advise such person(s) that they are under an obligation to maintain the confidentiality of such information. RELEASING PARTY agrees that disclosure to third parties of the existence or terms of this Agreement shall constitute a breach of this Agreement and entitle RELEASED PARTIES to actual damages incurred, in addition to any other legal or equitable remedies and

Aleman-Diaz's Initials

attorneys' fees and costs. The payment of actual damages pursuant to this paragraph does not release RELEASING PARTY from the promises she has made in this Agreement.

7. As part of this Agreement, RELEASING PARTY specifically waives any present and future claim for reinstatement or employment with RELEASED PARTIES or their subsidiaries or related entities at any time in the future. The Parties hereto specifically recognize that substantial questions of fact and law exist as to any possible claim or claims (legal, equitable or otherwise) by RELEASING PARTY and therefore, as part of this Settlement, RELEASING PARTY further specifically agrees, as a condition of RELEASING PARTY's receipt and retention of the sums provided for herein, not to seek employment with RELEASED PARTIES or any of RELEASED PARTIES' subsidiaries or related entities at any time in the future and not to discuss their claims and the issues related thereto with any current or former employee of RELEASED PARTIES or any related entity. RELEASED PARTIES are under no obligation or duty to consider RELEASING PARTY for employment in the future.

8. The Parties further request that the Court review this agreement in camera and approve this Agreement and that the Court, accordingly, dismiss, with prejudice, the above-styled lawsuit, presently pending in the United States District Court for the Southern District of Florida, upon the effective date of this compromise Settlement Agreement. It is also agreed that in the event the above-numbered and entitled lawsuit is not dismissed with prejudice, this compromise Settlement Agreement shall become null and void, ab initio, and RELEASED PARTIES shall be entitled to return by RELEASING PARTY of any and all sums paid by RELEASED PARTIES hereunder.

*[initials]*
Aleman-Diaz's Initials

01-03-'14 15:55 TO- 19549662566        FROM- Coral Gables        P0008/0018 T-799 F-766

9. It is further agreed and understood that the consideration in the amount of the sum of SEVEN THOUSAND FIVE HUNDRED DOLLARS ($7,500.00) will be paid in the following manner:

(a) Ayintove Associates, LLC will issue a check for $1,875.00 made payable to Vivian Aleman-Diaz and allocated to Releasing Party's claim for overtime and other wages including those for any claims made in Case No. 13-cv-22319-CMA, less any applicable deductions or withholding for taxes will be issued on or about January 22, 2014 (or within 20 days of the court's approval if later than January 22, 2014), for which Ayintove Associates, LLC shall issue an appropriate Forms W-2 at the appropriate time;

(b) Ayintove Associates, LLC will issue a check for $625.00 made payable to Vivian Aleman-Diaz and allocated to Releasing Party's claim for liquidated damages made in Case No. 13-cv-22319-CMA will be issued on or about January 22, 2014 (or within 20 days of the court's approval if later than January 22, 2014), for which Ayintove Associates, LLC shall issue an appropriate Forms 1099 at the appropriate time;

(c) Ayintove Associates, LLC will issue a check for $1,250.00 made payable to Vivian Aleman-Diaz and allocated to Releasing Party's claim for liquidated damages made in Case No. 13-cv-22319-CMA will be issued on or about February 24, 2014 (or 30 days after the check issued pursuant to paragraphs 8(A) and (B) above), for which Ayintove Associates, LLC shall issue an appropriate Forms 1099 at the appropriate time;

Page 7 of 17                       *VAD*
                                   Aleman-Diaz's Initials

    (d)    Ayintove Associates, LLC will issue a check for $1,250.00 made payable to the Releasing Party's counsel, Schwartz Roller, LLP Trust Account Plaintiff and allocated to Plaintiff's claim for overtime and other wages including those for any claims made in Case No. 13-cv-22319-CMA, will be issued on or about February 24, 2014 (or 30 days after the check issued pursuant to paragraphs 8(A) and (B) above), for which Ayintove Associates, LLC shall issue an appropriate Forms 1099 at the appropriate time;

    (e)    Ayintove Associates, LLC will issue a check for $2,500.00 made payable to the Releasing Party's counsel, Schwartz Roller, LLP Trust Account Plaintiff and allocated to Plaintiff's claim for overtime and other wages including those for any claims made in Case No. 13-cv-22319-CMA, will be issued on or about March 24, 2014 (or 30 days after the check issued pursuant to paragraphs 8(C) and (D) above), for which Ayintove Associates, LLC shall issue an appropriate Forms 1099 at the appropriate time;

    10.    RELEASING PARTY agrees that Ayintove Associates LLC shall be obligated to withhold all necessary federal, state, or local taxes with respect to the monies paid in Paragraph 9(a). RELEASING PARTY further covenants and agrees that she will hold harmless and indemnify RELEASED PARTIES against any claim for taxes and penalties or interest, and attorneys' fees and costs expended by RELEASED PARTIES in any action against RELEASING PARTY necessary for indemnification of such taxes, penalties or interest. RELEASING PARTY

Page 8 of 17          _VAD_
                     Aleman-Diaz's Initials

acknowledges that RELEASED PARTIES have made no representation regarding the taxability of the settlement funds.

11.  The Parties agree not to disparage each other. Disparage as used herein shall mean any electronic, written or verbal communication: (a) of false information; (b) or the communication of information with reckless disregard to its truth or falsity; (c) or the communication of information relating to the other Party which is critical, derogatory, or which may tend to injure the business or reputation of the other Party.

12.  In consideration of the monies and other good and valuable consideration provided for herein, the Parties represent and warrant that they will comply with all the terms of this Agreement. Should either party breach any provisions or paragraphs of this Agreement, the non-breaching party shall have all rights, remedies and/or causes of action available at law or in equity, including injunctive relief. It is understood that the prevailing party in any action to enforce the terms of this agreement will be entitled to attorneys' fees and costs from the non-prevailing party. Prior to filing any action for breach, the non-breaching party shall provide written notice of the breach, and the breaching party shall have five (5) days from receipt of the notice to cure the breach.

13.  This Agreement is to be construed and governed under the laws of the State of Florida and shall bind the parties and their respective heirs, estates, successors and assigns. If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable, the remaining provisions shall continue in full force and effect notwithstanding, except that if paragraphs 3, including subparagraphs a through d, 4, and/or 9, including subparagraphs a through e, are found to be unenforceable and the terms of those provisions cannot be resolved satisfactorily by the Parties, then at the option of RELEASED PARTIES, this Agreement shall

_____
Aleman-Diaz's Initials

be null and void and RELEASED PARTIES shall be entitled to the return of all sums paid by RELEASED PARTIES hereunder. RELEASING PARTY acknowledges that RELEASING PARTY has not previously transferred, assigned or conveyed any right or claim released in this Agreement.

14. It is further understood and agreed that the total sum of $7,500.00 paid as set forth above, and the other good and valuable consideration provided for herein, are not mere recitals, but are the consideration for this Agreement and the full and final release effected thereby. RELEASING PARTY hereby represents and warrants that she has entered into this Settlement Agreement of her own free will and accord and in accordance with RELEASING PARTY's own judgment, and after consultation with RELEASING PARTY's attorneys. RELEASING PARTY hereby states that RELEASING PARTY and RELEASING PARTY's counsel have made a full and independent investigation of all the facts and representations relating to this agreement and release and therefore state that RELEASING PARTY has not been induced to enter into this Agreement by any statement, fact or representation of any kind or character on the part of RELEASED PARTIES, or on the part of RELEASED PARTIES' agents, attorneys, servants, employees or representatives other than those specifically set out herein. RELEASING PARTY specifically states that RELEASING PARTY is executing this Agreement knowingly and voluntarily.

15. The Parties hereto acknowledge that this Agreement is enforceable in the state or federal courts of Florida. The Parties hereby waive any pleas of jurisdiction or venue as not being residents of Miami-Dade County, Florida, and hereby specifically authorize any action brought upon the enforcement of this Agreement to be commenced or filed in Miami-Dade County, Florida.

Aleman-Diaz's Initials

01-03-'14 15:55 TO- 19549662566          FROM- Coral Gables          P0012/0018 T-799 F-766

16. It is further agreed that each party shall bear their, its or her own costs and attorneys' fees, other than what is expressly set forth herein, incurred in the above-entitled suit and in handling the matters covered by this Agreement.

17. This Agreement is entered into freely and voluntarily by the Parties solely to avoid further costs, risks and hazards of litigation and to settle all claims and potential claims and disputes, known or unknown, in a final and binding manner.

18. RELEASING PARTY understands and agrees that she would not receive the monies and/or benefits specified above, except for their execution of this Agreement and the fulfillment of the promises contained herein.

19. The Parties acknowledge that approval of this Agreement by the Court is a prerequisite to its validity. The parties agree that the Court may retain jurisdiction to enforce the terms of this Agreement.

20. For the purpose of implementing a full and complete Release, the Parties expressly acknowledge that the Releases they give in this Agreement are intended to include in their effect, without limitation, claims that they did not know or suspect to exist in their favor at the time of the effective date of this Agreement, regardless of whether the knowledge of such claims or the facts upon which they might be based would materially have affected the settlement of this matter and that the consideration given under this Agreement is also for the release of those claims and contemplates the extinguishment of any unknown claims.

21. Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement.

Aleman-Diaz's Initials

22. This Agreement cannot be modified, altered or changed except by a writing signed by the Parties wherein specific reference is made to this Agreement.

23. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the Parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement.

24. Language of all parts of this Agreement shall be construed as a whole according to its fair meaning. The Parties agree that this Agreement is the product of joint authorship, and in the event of any ambiguity the Agreement shall not be construed against any party.

25. This Agreement may be signed in counterparts that together shall be deemed to comprise a single and complete Agreement, and the parties agree that a facsimile, photocopy, or scanned image of a signature to this document shall be admissible in any judicial, administrative, or other proceeding related to this Agreement with the same weight and binding effect as an original.

26. The Parties hereby stipulate that the Court shall retain jurisdiction to enforce the terms of the Agreement should enforcement become necessary. In the event of a breach of this Agreement or in the event any action is commenced in the Court having jurisdiction over this matter concerning enforcement of the provisions of this Agreement, the prevailing party in any such action be entitled to an award of its reasonable attorney's fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the Court in any such action.

Aleman-Diaz's Initials

27. The Releasing Party understands, represents and agrees that the Releasing Party:

    (A) Has carefully read and fully understands all of the provisions of this Agreement;

    (B) Is, through this Agreement, releasing the Released Parties from any and all claims that the Releasing Party may have against them relating to the Releasing Party's Independent Contractor Agreement with the Released Parties, or the termination of the Independent Contractor Agreement;

    (C) Knowingly and voluntarily agrees to all of the terms set forth in this Agreement;

    (D) Knowingly and voluntarily intends to be legally bound by this Agreement;

    (E) Was advised to consider the terms of this Agreement with counsel, and has consulted with the Releasing Party's counsel prior to executing this Agreement; and

    (F) Is duly authorized and has full authority to execute this Agreement.

28. The Releasing Party acknowledges that this Release will not become effective or enforceable until seven (7) days from the date that the Releasing Party signs this Release and Settlement Agreement. During this seven (7) day period, the Releasing Party may revoke this Release and Settlement Agreement. If the Releasing Party does not advise the Released Parties in writing by writing Elizabeth M. Rodriguez, Ford & Harrison LLP, 100 S.E. 2nd Street, Suite 2150, Miami, FL 33131, within such seven (7) day period of his intent to revoke this Release and

Page 13 of 17

_____
Aleman-Diaz's Initials

Settlement Agreement, this Release and Settlement Agreement will become effective and enforceable upon the expiration of the seven (7) days..

Can be signed by **Vivian Aleman-Diaz** upon Receipt of this Agreement

I hereby acknowledge that I received a copy of this Agreement on this ____ day of January, 2014, and was informed that I have up to 21 days from this date to consider it before signing and 7 days to revoke this Agreement if I so chose. I hereby waive the 21-day consideration period.

DATE: 1/2/14

_____
Vivian Aleman-Diaz

Aleman-Diaz's Initials

Agreed and Accepted by:

**RELEASING PARTY:**

_1/3/14_  
Date

_/s/ Vivian Aleman-Diaz_  
VIVIAN ALEMAN-DIAZ

STATE OF FLORIDA         )  
                         ) ss.  
COUNTY OF MIAMI-DADE     )

On this __3__ day of January, 2014 before me, __Ana M. Ruiz__, Notary Public, personally appeared Vivian Aleman-Diaz, personally known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in his authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

Notary Public

_/s/ Ana M. Ruiz_  
Ana M. Ruiz  
Print Name

SEAL  
[Notary Seal: ANA M. RUIZ, MY COMMISSION EXPIRES January 27, 2017, #EE 859695, Bonded thru Notary Public Underwriters, NOTARY PUBLIC, STATE OF FLORIDA]

Page 15 of 17  
_VAD_  
Aleman-Diaz's Initials

Agreed and Accepted by:

Defendant:                                           AYINTOVE ASSOCIATES, LLC

_____1/17/14_____                                By: _____
Date

Title: Director of Legal Affairs

STATE OF FLORIDA                )
                                ) ss.
COUNTY OF MIAMI-DADE            )

On this 17 day of January, 2014 before me, Jacob Bengio, Notary Public, personally appeared Norman Ginspary, personally known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

Notary Public

_____
Print Name
SEAL

JACOB BENGIO
Notary Public - State of Florida
My Comm. Expires Apr 25, 2017
Commission # FF 012275
Bonded Through National Notary Assn.

Page 16 of 16

Aleman-Diaz's Initials

Individual Defendant:

ANA BELLMAS-CABRERA

By: _AnaBellmasCabrera_

_1/17/14_
Date

STATE OF FLORIDA )
) ss.
COUNTY OF MIAMI-DADE )

On this _12_ day of January, 2014 before me, _Jacob Bengio_, Notary Public, personally appeared Ana Belmas, personally known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

Notary Public

Print Name
SEAL

Miami 200453.1

JACOB BENGIO
Notary Public - State of Florida
My Comm. Expires Apr 25, 2017
Commission # FF 012275
Bonded Through National Notary Assn.

Aleman-Diaz's Initials